**Richard N. SCHUCK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3146.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 9, 2002.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Richard N. Schuck seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for a disability retirement under the Civil Service Retirement System. *Schuck v. Office of Pers. Mgmt.*, No. CH831E010555–I–1 (Nov. 1, 2001). We *dismiss* the petition for review.

I

On June 22, 2001, OPM issued its reconsideration decision denying Mr. Schuck's

application for a disability retirement annuity. In his application, Mr. Schuck detailed a series of medical conditions (coronary problems and chest pain, back pain, headaches, stomach and knee problems, stress and depression) that in his view precluded his ability to perform useful and efficient service for his employer, the U.S. Postal Service. He also listed two doctors, Glassman and Lomas, as persons from whom he would request statements.

OPM's reconsideration decision reiterated that Mr. Schuck's medical condition is not "severe enough to cause a disability that prevents you from performing the essential duties of your position." Mr. Schuck then sought review by the Board.

The Administrative Judge assigned to the case held a telephonic prehearing conference on September 5, 2001, during which Mr. Schuck withdrew his request for a hearing. On September 27, 2001, the Administrative Judge issued his decision based on the written record. The Administrative Judge analyzed the medical evidence with regard to each of Mr. Schuck's medical conditions, and concluded with respect to each that Mr. Schuck had failed to prove by preponderant evidence that his condition precludes him from performing useful and efficient service in the specific job tasks required by his position. The Administrative Judge noted that the opinions of Doctors Lomas and Glassman were inconsistent on the issue of whether Mr. Schuck is capable of performing his duties. The Administrative Judge concluded that Mr. Schuck had failed to prove entitlement to a disability retirement annuity, and therefore affirmed the reconsideration decision of OPM.

Mr. Schuck did not seek review by the full Board of the initial decision of the Administrative Judge, and the initial decision thus became the final decision of the Board, for which Mr. Schuck seeks review in this court.

## II

We must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the Board's final decision rests on findings of fact, we must accept the Board's fact-findings when they are supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000).

When OPM has denied an application for a disability retirement annuity, our standard of review is further narrowed. In *Lindahl v. Office of Personnel Mangement*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that this court lacks the authority to review the factual underpinnings of disability retirement determinations. In disability retirement cases, we have jurisdiction only to decide if fundamental procedural error has occurred in the adjudication of the disability retirement application, or if substantive law pertinent to the application has been incorrectly applied.

Whether OPM and the Board are correct in their determinations that Mr. Schuck is not, as a matter of fact, disabled so as to be entitled to a disability retirement annuity is thus a question that we have no authority to answer. As the Supreme Court has interpreted the relevant law, Congress provided that the factual determinations reached by OPM and the Board in disability retirement cases shall not be subject to judicial review by this court.

In his informal brief to this court, Mr. Schuck asserted that the "judge did not grant a hearing in order to get all the facts. I was told only telephone hearing was allowed." Because this court cannot review factual matters in disability retire-

ment cases, it is important that the Board fully consider the facts of the case. Therefore, we called for the full record in this case in order to ascertain why the case was decided without a hearing and on the basis of the written record. According to the full record, Mr. Schuck withdrew his initial request for a hearing at the telephonic status conference held on September 5, 2001. In light of Mr. Schuck's decision to forego a hearing in this case, we cannot say that fundamental procedural error infects the final decision of the Board. Nor can we say, based on the complete record, that the Board misapplied the pertinent law.

We are left, then, with the record of Mr. Schuck's many and serious medical conditions. OPM and the Board have concluded, as matters of fact, that these conditions do not preclude Mr. Schuck from performing useful service to the U.S. Postal Service. That we might disagree with OPM and the Board is of no consequence to Mr. Schuck, because we are precluded, as a matter of jurisdiction, from assessing the facts to determine if substantial evidence supports the findings made by the Board. Since we discern no fundamental procedural error, and no error in the law applied, we are left with issues over which we have no jurisdiction, and we must consequently dismiss Mr. Schuck's petition for review.